1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                 Crim. Case No.:  93cr843 JM

12                              Plaintiff,    Civil Case Nos.:  16cv1538 JM

13  v.                                                          16cv2709 JM

14  DETRARA HOWARD,
                                             **ORDER GRANTING DEFENDANT'S**
15                              Defendant.    **MOTION FOR SENTENCE**
                                             **REDUCTION**
16

17

18          This matter comes before the court on Defendant Detrara Howard's motion to

19  vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255").

20  (Doc. Nos. 148, 151.)  For the following reasons, the court grants Howard's motion.

21                              **BACKGROUND**

22          In October 1993, Howard was indicted on four charges: armed bank robbery, in

23  violation of 18 U.S.C § 2113(a), (d) (Count 1); use and carrying of a firearm during the

24  commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 2); felon

25  in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count

26  3); and felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and

27  924(e)(1) (Count 4).  Howard was convicted by a jury on Count 1 and by a judge on

28  Counts 3 and 4.  The jury hung on Count 2 and a mistrial was declared.

                                         1

1   Howard's presentence report noted a maximum sentence of 300 months on Count

2   1 and an applicable sentencing range of 262–327 months for Counts 3 and 4.  In March

3   1994, Howard was sentenced to 300 months on Count 1 and 327 months for each of

4   Counts 3 and 4, all to run concurrently.  In imposing the 327-month sentence, the judge

5   applied the Armed Career Criminal Act ("ACCA"), finding that Howard's numerous

6   prior convictions for robbery under California Penal Code section 211 ("California

7   robbery") and single conviction for assault with a deadly weapon, Cal. Penal Code

8   § 245(a)(1), were "violent felonies" under ACCA.  Later that month, Howard was retried

9   on Count 2 and convicted by a jury.  Because the section 924(c) conviction carried a

10   mandatory consecutive 60-month sentence, the judge added this term to Howard's

11   previously imposed 327-month sentence.

12   Howard appealed to the Ninth Circuit on various issues, winning a reversal of

13   conviction on Count 1, which the government dismissed following remand.[1]  Howard

14   then filed a motion seeking resentencing on Counts 3 and 4, asking for placement at the

15   low end of the guideline range rather than the high end.  The judge denied the motion,

16   finding the court did not have jurisdiction to entertain it.  (Doc. No. 95.)  Howard

17   appealed that denial to the Ninth Circuit, which affirmed the district court.  (Doc. No.

18   109.)  Thus, in total, Howard was sentenced to 327 months for Counts 3 and 4 and an

19   additional 60 months for Count 2.

20   In September 1998, Howard filed a section 2255 motion, but raised no sentencing

21   issues.  (Doc. No. 110.)  Instead, Howard argued that the trial court used incorrect jury

22   instructions, that his counsel erred by stipulating to his status as a convicted felon, and

23   that he was denied a fair jury trial.  The judge denied the petition, (Doc. No. 129), and a

24   request for a certificate of appealability, (Doc. No. 131), which the Ninth Circuit denied

25   as well, (Doc. No. 133).  In October 2008, Howard sought relief under 18 U.S.C.

26

27

28   [1] Given that the Ninth Circuit reversed Howard's conviction on Count 1, the 300-month
sentence attributable to that conviction does not factor into the motion before the court.

§ 3582(c)(2). (Doc. No. 136.) Howard's case was transferred to this court, and this court denied that motion. (Doc. No. 141.)

On June 17, 2016, Howard filed the instant motion[2] and notified the court he had also filed an application for leave to file a second or successive motion to vacate his sentence with the Ninth Circuit.[3] (Doc. No. 148 at 1.) The Ninth Circuit granted Defendant's application for authorization to file a second or successive section 2255 motion on November 1, 2016. (Doc. No. 152.)

In the pending motion, Howard argues that (1) the Supreme Court's June 25, 2015, decision in Johnson v. United States, 135 S. Ct. 2551 (2015), nullified the residual clause in the definition of violent felony in ACCA; (2) Johnson applies retroactively; (3) without the residual clause, California robbery is not a violent felony as defined by ACCA; and (4) without his convictions for California robbery serving as predicate violent felonies, he is not subject to ACCA's enhanced sentencing scheme, but rather the 10-year statutory maximum generally imposed for violations of the felon-in-possession statute.[4] See 18 U.S.C. § 924(a)(2).

---

[2] A defendant seeking relief under section 2255 must file a motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As Howard filed his motion within one year of Johnson, which recognized the right he seeks to assert, the motion is timely.

[3] Since the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, defendants are restricted to a single section 2255 motion. United States v. Lopez, 577 F.3d 1053, 1060–61 (9th Cir. 2009). A defendant who wishes to file a second or successive section 2255 motion must first seek permission from the court of appeals. Id.; 28 U.S.C. § 2255(h); 28 U.S.C. § 2244.

[4] Howard also makes arguments under 18 U.S.C. § 924(c), but the court does not reach those issues for the reasons discussed in section II.C., below.

**DISCUSSION**

Howard argues that, post-Johnson, ACCA's sentencing enhancement does not apply, meaning his 327-month sentence for being a felon-in-possession far exceeded the 10-year statutory maximum generally applicable to such violations.

**I.      Legal Standards**

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  If the court determines that relief is warranted under section 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

**II.     Analysis**

Howard asserts that, excised of its residual clause, ACCA's definition of violent felony does not encompass convictions for California robbery, and therefore he does not have the requisite three predicate felony convictions to justify application of ACCA.

**A.      Procedural Default**

Before turning to the merits of Howard's claim, the court must determine whether Howard has procedurally defaulted his section 2255 motion by failing to appeal his sentence.  The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).  The court finds that cause and prejudice both exist in this case.

**1.      Cause**

The Supreme Court has held that cause is established when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal could have been filed. Murray v. Carrier, 477 U.S. 478, 488 (1986).  Thus, there is no

1  procedural default based on a failure to file a direct appeal if the appeal "would have been

2  futile, because a solid wall of circuit authority" precluded that appeal.  English v. United

3  States, 42 F.3d 473, 479 (9th Cir. 1994) (internal quotations and citations omitted); see

4  also Kimes v. United States, 939 F.2d 776, 778 (9th Cir. 1991) (holding that failure to

5  object to a jury instruction was not fatal to a section 2255 motion because well-settled

6  law precluded the claim at the time).

7        Here, Johnson expressly overruled prior Supreme Court cases upholding ACCA's

8  residual clause.  See James v. United States, 550 U.S. 192 (2007); Sykes v. United States,

9  131 S. Ct. 2267 (2011).  Thus, before Johnson, vagueness challenges to the residual

10  clauses in ACCA were foreclosed by clear Supreme Court precedent.  Accordingly,

11  Howard has demonstrated cause for his procedural default.

12                    **2.    Prejudice**

13        Howard must also demonstrate prejudice by showing that the alleged error

14  "worked to his actual and substantial disadvantage . . . ."  United States v. Braswell, 501

15  F.3d 1147, 1150 (9th Cir. 2007).  In this case, Howard received a sentence of 327 months

16  for Count 3 and the same for Count 4, to run concurrently.  Had ACCA not applied,

17  Howard would have received a sentence of 120 months for Count 3 and the same for

18  Count 4, to run concurrently.[5]  This error undoubtedly prejudiced Howard.

19        **B.    ACCA**

20        ACCA provides:

21            In the case of a person who violates section 922(g) of this title
22            and has three previous convictions by any court referred to in
            section 922(g)(1) of this title for a violent felony or a serious
23            drug offense, or both, committed on occasions different from
24            one another, such person shall be fined under this title and
            imprisoned not less than fifteen years . . . .
25

26  _____

27  [5] The statutorily imposed 10-year sentences for each of Counts 3 and 4 must run
    concurrently.  See United States v. Keen, 104 F.3d 1111, 1120 (9th Cir. 1996), as
28  amended on denial of reh'g (Jan. 2, 1997).

1  18 U.S.C. § 924(e)(1).

2      The term "violent felony" means "any crime punishable by imprisonment for a

3  term exceeding one year . . . that (i) has as an element the use, attempted use, or

4  threatened use of physical force against the person of another; or (ii) is burglary, arson, or

5  extortion, involves use of explosives, or otherwise involves conduct that presents a

6  serious potential risk of physical injury to another." Id. § 924(e)(2)(B).  Section

7  924(e)(2)(B)(i) is typically referred to as the "force" or "elements" clause.  The first

8  portion of section 924(e)(2)(B)(ii), which lists the four enumerated offenses, is typically

9  referred to as the "enumerated offenses" clause.  And the second portion of section

10  924(e)(2)(B)(ii), beginning with the words "or otherwise," is typically referred to as the

11  "residual clause."  Thus, when Howard was sentenced, there were three ways a

12  conviction could qualify as a violent felony: (1) under the force/elements clause, (2) as a

13  match for one of the four enumerated offenses, or (3) under the residual clause.

### 1.    Johnson Invalidated the Residual Clause

15      In Johnson, the Supreme Court held the residual clause unconstitutional under the

16  void-for-vagueness doctrine, which is mandated by the Due Process Clauses of the Fifth

17  and Fourteenth Amendments.  The void-for-vagueness doctrine prohibits the government

18  from imposing sanctions "under a criminal law so vague that it fails to give ordinary

19  people fair notice of the conduct it punishes, or so standardless that it invites arbitrary

20  enforcement." Johnson, 135 S. Ct. at 2556.  The Court observed that federal courts faced

21  "pervasive disagreement" over how the ACCA's residual clause should be interpreted,

22  and therefore determined that it could not be reconciled with that prohibition. Id. at 2560.

23  For these reasons, Johnson held that "increasing a defendant's sentence under the

24  [residual] clause denies due process of law." Id. at 2557.

### 2.    Johnson Applies Retroactively

26      The next year, the Supreme Court held that Johnson applies retroactively to ACCA

27  cases. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).  There, the Supreme Court

28  noted that while "new constitutional rules of criminal procedure will not be applicable to

1    those cases which have become final before the new rules are announced," "two

2    categories of decisions . . . fall outside this general bar . . . ." Id. at 1264 (citing Teague

3    v. Lane, 489 U.S. 288, 310 (1989)). "First, new substantive rules generally apply

4    retroactively." Id. (quotations and alterations omitted). "Second, new watershed rules of

5    criminal procedure, which are procedural rules implicating the fundamental fairness and

6    accuracy of the criminal proceeding, will also have retroactive effect." Id. (quotations

7    omitted). The Court held that Johnson "announced a substantive rule that has retroactive

8    effect in cases on collateral review." Id. at 1268.

### 3.    California Robbery Does Not Fall Within the Remaining Definition of Violent Felony.

11    Although Johnson invalidated ACCA's residual clause, the Supreme Court made

12    clear that its decision did "not call into question . . . the remainder of [ACCA's]

13    definition of a violent felony." 135 S. Ct. at 2563. Thus, the court must still determine

14    whether Howard's conviction for California robbery, defined as "the felonious taking of

15    personal property in the possession of another, from his person or immediate presence,

16    and against his will, accomplished by means of force or fear," Cal. Penal Code § 211,

17    remains a violent felony under the force/elements or enumerated offenses clause.

18    Without the residual clause, ACCA defines a violent felony as any crime

19    punishable by imprisonment for a term exceeding one year, that "(1) has as an element

20    the use, attempted use, or threatened use of physical force against the person of another,

21    or (2) is burglary of a dwelling, arson, or extortion, [or] involves use of explosives."

22    Obviously California robbery is not one of the enumerated offenses. The question,

23    then, is whether California robbery fits within the force/elements clause. The Ninth

24    Circuit recently answered this question, holding that it does not. In United States v.

25    Dixon, 805 F.3d 1193, 1199 (9th Cir. 2015), the Ninth Circuit applied the categorical

26    approach announced by the Supreme Court in Taylor v. United States, 495 U.S. 575

27    (1990), and Descamps v. United States, 133 S. Ct. 2276 (2013), to determine that

28    California robbery is not categorically a violent felony under ACCA. 805 F.3d at 1198.

1    The court reached that conclusion after observing that a person can be convicted for

2    California robbery for conduct that (a) does not fit within the generic definition of

3    extortion, and thus does not fall within the enumerated offenses clause, and (b) results

4    from the accidental or negligent use of force, and thus does not fall within the

5    force/elements clause.  Id. at 1197.

6         Having determined that California robbery was not a categorical fit, the court next

7    considered whether California robbery was divisible.  If a state statute is divisible, the

8    district court may take into consideration certain documents, such as charging documents

9    or a plea agreement, to determine whether the defendant was convicted of violating a

10   prong of the statute that meets ACCA's definition of violent felony.  Id. at 1196.  The

11   court had "little trouble finding that [California robbery] is not divisible."  Id. at 1198.

12   The court summed up as follows: "Because [California robbery] criminalizes conduct not

13   included in the ACCA's definition of 'violent felony' and is not divisible, a conviction

14   for [it] cannot serve as a predicate 'violent felony' conviction for the application of a

15   mandatory minimum sentence under the ACCA."  Id. at 1199.[6]

16

17   _____

18   [6] The Government argues that, even though California robbery is not a divisible statute,
     the court may take note of the fact that Howard's convictions were enhanced under
19   California Penal Code section 12022 for use of a firearm, which would make his
     commission of the crime a violent felony.  The court cannot accept this argument for at
20   least two reasons.  First, the Government did not submit any conviction documents
     showing that Howard's convictions contained section 12022.5 enhancements, and Ninth
21   Circuit "precedent is clear that a district court may not rely on a PSR's factual description
     of a prior offense to determine whether the defendant was convicted of a crime of
22   violence . . . ."  United States v. Castillo-Marin, 684 F.3d 914, 919 (9th Cir. 2012).
     Second, and more importantly, section 12022 "enhancements are punishments for a
23   crime, not elements of it."  United States v. Heflin, 195 F. Supp. 3d 1134 (E.D. Cal.
24   2016) (collecting California cases); see also People v. Izaguirre, 42 Cal. 4th 126, 128
     (2007) (stating "enhancements are not legal elements of the offenses to which they
25   attach").  Presumably for this reason, the Ninth Circuit recently "declined to examine the
26   sentence enhancement" to transform a defendant's conviction for an indivisible
27   California statute from a non-crime of violence to a crime of violence.  Ramirez v.
28   Lynch, 810 F.3d 1127, 1135 n.2 (9th Cir. 2016).

### 4. Applying Johnson and Dixon

If California robbery was a divisible statute, an evaluation of the record in this case would very likely reveal that Howard's conduct involved physical force sufficient to satisfy ACCA's definition of violent felony. But, for better or worse, Dixon simply forecloses that evaluation. In short, then, Howard's convictions for California robbery do not fit under the residual clause after Johnson, do not fit under the force/elements clause after Dixon, and never fit under the enumerated offenses clause. And absent those convictions, Howard does not have three prior convictions that justify applying ACCA's sentencing scheme. As a result, Howard is entitled to resentencing.

### C. 924(c)

Howard argues that, along with invalidating ACCA's residual clause, Johnson must also serve to invalidate the similarly worded residual clause of 18 U.S.C. § 924(c) ("section 924(c)"). Howard asserts that if this is so, armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) is not a "crime of violence" under section 924(c) and his sentence to Count 2 cannot stand.

The court need not reach this issue for two reasons. First, notwithstanding the fate of section 924(c)'s residual clause, armed bank robbery is a crime of violence under section 924(c)'s elements clause. United States v. Wright, 215 F.3d 1020, 1028 (9th Cir. 2000) ("The crime of using or carrying a firearm during a crime of violence requires proof of an underlying predicate offense—that is, a crime of violence—during which a firearm was used or carried. 18 U.S.C. § 924(c)(3) defines a crime of violence for purposes of § 924(c) as a felony that has as an element the use, attempted use, or threatened use of physical force against the person or property of another. Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking by force and violence, or by intimidation." (citation omitted).); see also United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990) (holding that bank robbery—armed or unarmed—is a crime of violence under the elements clause of the United States Sentencing Guidelines career offender provisions).

1    Second, because Howard has already served more than 23 years—well over the

2    sum of the 10-year statutory maximum prescribed for non-ACCA violations of the felon-

3    in-possession statute, see 18 U.S.C. § 924(a)(2), and the 5-year term imposed for his

4    conviction under section 924(c), see U.S.S.G. § 2K2.4(a) (1994) ("If the defendant,

5    whether or not convicted of another crime, was convicted under 18 U.S.C. 844(h),

6    924(c), or 929(a), the term of imprisonment is that required by statute.")—resolving this

7    question is unlikely to affect Howard's term of imprisonment.

8                                              **CONCLUSION**

9    For the foregoing reasons, the court grants Howard's motion to vacate, set aside, or

10   correct his sentence pursuant to 28 U.S.C. § 2255.[7]  The court directs counsel for Howard

11   and the Government to coordinate schedules and promptly contact chambers to set a

12   status hearing.  At the hearing, the parties should be prepared to discuss the necessity and

13   suitability of a resentencing hearing given the sentence already served.

14   IT IS SO ORDERED.

15

16   DATED: February 16, 2017
     _____
17                                              JEFFREY T. MILLER
                                                United States District Judge

18

19

20

21

22

23

24

25

26   _____

27   [7] As resolution of Lynch v. Dimaya, No. 15-1498, 137 S. Ct. 31 (Sep. 29, 2016), which is
     currently pending before the Supreme Court, does not impact Howard's case, the court
28   denies the Government's motion to stay as moot.  (Doc. No. 160.)